IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES H. STEGMEYER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16-cv-0096-MJR-PMF |
| | ) |
| **FREDERICK PEET,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER
ON THRESHOLD JURISDICTIONAL REVIEW**

**REAGAN, Chief Judge:**

Frederick Peet, a podiatrist, hired Charles Stegmeyer, a lawyer, to represent him (Peet) in three lawsuits in Missouri state court from 2006 to 2010. In May 2013, Peet sued Stegmeyer for legal malpractice in St. Louis County, Missouri, seeking over $725,000 in damages (Case No. 14SL-CC-00693). In December 2015, Stegmeyer sued Peet in St. Clair County, Illinois, asserting that – in the course of the Missouri litigation – Peet slandered and libeled Stegmeyer, thereby damaging Stegmeyer's reputation and costing him money (Case No. 15-L-697).

Served with Stegmeyer's Illinois defamation complaint on December 28, 2015, Peet removed the action to this United States District Court on January 26, 2016, invoking subject matter jurisdiction under the federal question statute, 28 U.S.C. 1332. Section 1332 requires complete diversity of citizenship among the parties plus an amount in controversy that exceeds $75,000, exclusive of interest and costs.

As the party seeking to invoke federal jurisdiction, Peet bears the burden of demonstrating that all requirements for diversity jurisdiction are satisfied here. *Smart v. Local 702 International Brotherhood of Electrical Workers,* 562 F.3d 798, 802-03 (7th Cir. 2009). *See also Hart v. FedEx Ground Package System, Inc.,* 457 F.3d 675, 679 (7th Cir. 2006); *American Bankers Life Assur. Co. of Florida v. Evans,* 319 F.3d 907, 909 (7th Cir. 2003). Peet has not shouldered that burden in the current removal notice.

The amount in controversy appears to suffice. Stegmeyer's state court suit seeks over $50,000 plus punitive damages and other relief. Additionally, an affidavit submitted with the removal notice attests that Stegmeyer valued his defamation claim at more than $2,000,000 during mediation of the Missouri malpractice case. But the removal notice (apparently echoing the Illinois complaint) pleads the *residence* of the parties, not their citizenship.[1] Allegations of "residence" do not suffice to invoke federal diversity jurisdiction. *See, e.g., Myrick v. WellPoint, Inc.,* **764 F.3d 662, 664 (7th Cir. 2014) (For purposes of diversity jurisdiction, citizenship differs from residence. Citizenship means domicile -- the person's long-term plan for a state of habitation -- rather than just their current residence),** *cert. denied,* 135 S. Ct. 1508 (2015). Residency does not establish citizenship, and the Seventh Circuit has reminded district courts of the "importance of scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts." *Meyerson v. Harrah's East Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

---

[1] At one point (Doc. 1, p. 2), the notice says this action is "between citizens of different states," but it does not *identify* either party's citizenship, only their residence.

District courts should freely grant leave to amend defective allegations of subject matter jurisdiction or allow the parties to brief jurisdictional issues, rather than *sua sponte* dismissing cases for lack of jurisdiction. **See, e.g., Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 595 (7th Cir. 1992), *cert. denied*, 508 U.S. 941 (1993); Frey v. E.P.A., 270 F.3d 1129, 1131-32 (7th Cir. 2001)("unless the defect is clearly incurable a district court should ... allow the parties to argue the jurisdictional issue....").**

Accordingly, the Court **DIRECTS** Defendant Peet to file an **Amended Removal Notice** clearly delineating the basis for federal diversity jurisdiction, including the parties' *citizenship*, by **February 5, 2016.** If the undersigned confirms that subject matter jurisdiction lies, the case will be tracked and assigned a firm trial date.

IT IS SO ORDERED.

DATED January 27, 2016.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge