IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES H. STEGMEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-0096-MJR-PMF |
| | ) |
| FREDERICK PEET, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

    A.    **Introduction and Procedural Overview**

Charles Stegmeyer is an Illinois lawyer who represented Frederick Peet, a Missouri podiatrist, in several lawsuits. Dissatisfied with his representation, Peet sued Stegmeyer in Missouri state court for legal malpractice in May 2013. In December 2015, Stegmeyer sued Peet in Illinois state court for defamation, alleging that Peet slandered and libeled Stegmeyer in the Missouri malpractice case, thereby damaging Stegmeyer's reputation, costing him money, and resulting in extreme emotional/mental distress.

Served with the Illinois defamation complaint on December 28, 2015, Peet removed the action to this Court on January 26, 2016, invoking subject matter jurisdiction under the federal question statute, 28 U.S.C. 1332. Section 1332 requires complete diversity of citizenship among the parties plus an amount in controversy that exceeds $75,000, exclusive of interest and costs. As the party seeking the federal forum, Peet must demonstrate that the requirements for diversity jurisdiction are satisfied here. *Smart v. Local 702 Int'l Bhd. of Electrical Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

*See also Hart v. FedEx Ground Package System, Inc.*, **457 F.3d 675, 679 (7th Cir. 2006);** *American Bankers Life Assur. Co. of Florida v. Evans*, **319 F.3d 907, 909 (7th Cir. 2003).**

On threshold review of the case, the undersigned determined that the amount in controversy "appeared to suffice"[1] but noted a problem in Peet's removal notice -- it pled the parties' *residence* as opposed to their citizenship. Allegations of "residence" do not properly invoke federal diversity jurisdiction. *See, e.g., Myrick v. WellPoint, Inc.*, **764 F.3d 662, 664 (7th Cir. 2014) (For purposes of diversity jurisdiction, citizenship differs from residence. Citizenship means domicile -- the person's long-term plan for a state of habitation -- rather than just current residence.),** *cert. denied,* **135 S. Ct. 1508 (2015).** Peet was directed to file an amended removal notice by February 5, 2016.

Peet's amended removal notice asserts that Stegmeyer is a citizen of Illinois, and Peet is a citizen of Missouri, having lived there for over seventeen years (Doc. 10, p. 1). Stegmeyer responded with a February 4, 2016 objection to removal and motion to remand (Doc. 12). That motion ripened on March 13, 2016, following the filing of two responses by Peet (Docs. 17-18)[2] and a permitted reply brief by Stegmeyer (Doc. 19). For the reasons stated below, the Court **DENIES** the pending remand motion.

---

[1] Stegmeyer's state court complaint seeks over $50,000, plus punitive damages and other relief. An affidavit submitted with the removal notice attested that Stegmeyer valued his defamation claim at more than $2,000,000 during mediation of the Missouri malpractice case.

[2] Because the two documents (one labeled as a *brief* in opposition to remand motion, the other labeled as a *response* in opposition to remand motion) were timely filed the same day and together total less than the page limit set in SDIL Local Rule 7.1(d), the Court considers them both.

**B.   Analysis**

The remand motion presents one argument -- the parties are not diverse. Specifically, the motion rests on the contention that Peet's sworn statement of residence contained in the affidavit attached to the removal notice is false (*see* Doc. 12, p. 2). The question here is whether the plaintiff lawyer and defendant doctor are citizens of different states, so that the complete diversity requirement has been satisfied.

There is no dispute that Stegmeyer is a citizen of the State of Illinois. The issue is whether Peet has shouldered his burden of demonstrating that he is a citizen of the State of Missouri. Because the case was filed in state court and removed here, we "analyze our jurisdiction at the time of removal, as that is when the case first appears in federal court." *Hukic v. Aurora Loan Services*, **588 F.3d 420, 427 (7th Cir. 2009).** The task is to pin down Dr. Peet's citizenship on January 26, 2016, when his removal notice was filed in this District Court.

Stegmeyer suggests that Peet's "residence … has been and is 25 Rockingham Place, Belleville, Illinois 62223 from at least 2011 through the present" (Doc. 12, p. 2). Plaintiff bases this position on the fact that (a) in February 2012, Frederick Peet was served with a divorce petition at the Belleville, Illinois residence, (b) in his response to that petition, Peet verified that certain statements were correct, including that Peet's residence was 25 Rockingham Place, Belleville, Illinois, and (c) tax records show that the Rockingham Place property is owned by Frederick and Rita Peet. Peet submitted an affidavit with his original and amended removal notice (Doc. 1-1, p. 1; Doc. 10, p. 1) maintaining that he is a resident of the State of Missouri, has been a resident of the State

of Missouri for over seventeen years, and lives at 3503 Highway 50, Beaufort, Missouri.

Of course, citizenship may or *may not* be the same state as a person's residence. Citizenship (for purposes of federal subject matter jurisdiction) depends on domicile, "that is to say, the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.,* **671 F.3d 669, 670 (7th Cir. 2012).** *See also Hukic,* **588 F.3d at 430 (a person's domicile is the "critical information" needed to determine whether court enjoys diversity jurisdiction).** Domicile has been explained:

> [T]he domicile of a party to a diversity of citizenship case is the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning…. Domicile, therefore, has both a physical and a mental dimension and is more than an individual's residence, although the two typically coincide…. Numerous judicial opinions, at all levels of the federal courts, consistently with traditional doctrine in other legal contexts, establish that a person has only one domicile for diversity purposes at a particular time, even though he or she may have several residences in different states.

**13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3612 (3d ed. 2009).**

To determine Dr. Peet's domicile (and, thus, his citizenship for diversity purposes), the undersigned examines two elements: (1) Peet's physical presence or residence in a state, *and* (2) his intent to remain in the state. *Midwest Transit v. Hicks,* **79 Fed. Appx. 205, 208 (7th Cir. 2003),** *citing Dakuras v. Edwards,* **312 F.3d 256, 258 (7th Cir. 2002), and** *Denlinger v. Brennan,* **87 F.3d 214, 216 (7th Cir. 1996).** This is a straightforward analysis in a case in which both elements coincide but can become complex in a case where a party has multiple residences in different states. *Id.* Courts

often make this determination by considering factors such as current residence, voting registration, voting practice, location of personal or real property, location of financial accounts, membership in unions or associations, place of employment, driver's license issuance, vehicle registration, and tax payment. *Id.* No single factor is conclusive. *Id.*

In the case at bar, the affidavits, exhibits, and related materials indicate the following. Dr. Peet owns three marital homes with his wife, Rita. One home is at the Rockingham address in Belleville, Illinois. Two homes are located in Missouri – one in Franklin County, Missouri, and one in Lake of the Ozarks, Missouri. Peet hired Stegmeyer as his attorney in lawsuits filed in three different counties in Missouri. In one of those cases, Stegmeyer represented Pete from roughly 2006 to 2010 in an action to terminate a judgment lien on real property. In February 2012, Peet was served with a divorce petition at the Rockingham Place (Belleville, IL) house. Also in 2012, Pete signed a document in the Illinois divorce proceeding acknowledging that he was an Illinois resident. The divorce petition was dismissed in 2013 when the couple reconciled. Peet has a Missouri driver's license, it reflects the address of 3503 Highway 50, Beaufort, Missouri, 63013. He has been a registered voter in the State of Missouri since May 2, 1986. His current voter identification card shows the address of 3503 Highway 50, Beaufort, Missouri, 63013. His medical practice is located in the city of Washington, Missouri.

The evidence establishes that Frederick Peet is a citizen of Missouri. Yes, he owns a house on which he pays real estate taxes in Illinois, and he did once get sued for divorce in Illinois. In the divorce proceeding, Peet admitted he was an Illinois *resident* –

which may have been true when he admitted it (or may have been an oversight or falsehood or a ruse to establish divorce court jurisdiction). But as the Court has repeated, *residence* does not equal *citizenship for diversity purposes*. Peet owns several properties (including two homes) in Missouri, operates his business (a medical practice) in Missouri, pays taxes in Missouri, has long held a driver's license in Missouri, has primarily lived at the Beaufort, Missouri home for 29 years, and has been a registered voter in Missouri for 29 years.

The record establishes a long-term plan to live and stay in Missouri. Peet is now, was in December 2015 when this suit was filed in state court, and was *in January 2016 when the suit was removed to this Court*, domiciled in Missouri. The record is devoid of evidence that Peet intends to change his domicile to Illinois. Stated another way, Peet intends to remain in Missouri indefinitely. *Dakuras*, 312 F.3d at 259. Peet is a citizen of Missouri. *See Heinen*, 671 F.3d at 670 ("**The amended notice shows that Heinen and his family had a home in Massachusetts when the case was removed, that he was registered to vote there, and that he had a driver's license issued by that state. This shows domicile, so subject-matter jurisdiction has been established.**").

Peet is a Missouri citizen. Stegmeyer is an Illinois citizen. The parties are completely diverse. The remand motion – which solely rested on the argument that Peet was an Illinois citizen – merits denial. One last point bears discussion, though.

In the threshold review Order, the Court noted that the amount-in-controversy requirement appeared to suffice. Plaintiff did not challenge that fact in seeking remand -- he argued exclusively that Peet's assertion of Missouri residence was false and that

Peet's Illinois citizenship precluded removal under 28 U.S.C. 1441.[3] Peet, understandably, did not address the amount in controversy in responding to the remand motion. In Plaintiff's March 13, 2016 *reply brief*, however, he includes a brief argument that the amount in controversy is insufficient.

Specifically, Plaintiff argues as follows. Peet (in his removal papers in describing how the amount in controversy is met) relied on a statement allegedly made by Plaintiff during mediation in which Plaintiff valued his defamation claim at over $2,000,000. In his remand reply brief, Plaintiff says he never made that statement, so Peet's amount-in-controversy allegation "lacks any veracity" (Doc. 19, p. 4). Plaintiff also notes that his state court defamation complaint seeks an amount "in excess of $50,000" (Doc. 19, p. 5). That is the entirety of Plaintiff's argument on the amount in controversy.

To the extent that fleeting mention in a reply brief (to which defense counsel had no opportunity to respond) can be considered a proper argument for remand, it fails. First, it is undeveloped. Second, the fact a complaint's ad damnum clause seeks over $50,000 does not mean the amount in controversy is *not* over $75,000. Third, even if the Illinois defamation complaint had prayed for an amount *less than* $75,000, that would not prevent the amount in controversy from being satisfied.

---

[3] Section 1441(b)(2) contains the "forum defendant rule," which disallows removal based on diversity in cases where at least one defendant is a citizen of the forum state. **Morris v. Nuzzo, 718 F.3d 660, 665 (7th Cir. 2013).** The remand motion cited that provision and argued: "Defendant's sworn statement as to his [Missouri] residence is false," and "plaintiff prays that this Court dismiss defendant Peet's notice of removal for non-existence of diversity jurisdiction and remand the case" (Doc. 12, p.2, p. 5). The motion did not challenge the amount in controversy.

In states like Illinois, plaintiffs are not limited in their recovery to the dollar amount sought in their complaint. *See, e.g., American Bankers,* 319 F.3d at 908, *citing* 735 ILCS 5/2-604 and *BEM I, L.L.C. v. Anthropologie, Inc.,* 301 F.3d 548, 552 (7th Cir. 2002). And the law of this Circuit holds that a plaintiff wishing to defeat federal diversity jurisdiction should file a binding stipulation or affidavit with the complaint, irrevocably committing to accept no more than $75,000. *See Walton v. Bayer Corp.,* 643 F.3d 994, 998 (7th Cir. 2011); *Barbers, Hairstyling for Men & Women, Inc. v. Bishop,* 132 F.3d 1203, 1205 (7th Cir. 1997); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 430 (7th Cir. 1997). That was not done here.

In a removed case, the amount in controversy is the total amount required to satisfy in full all of the plaintiff's demands on the day the suit is removed. *Oshana v. Coca-Cola,* 472 F.3d 506, 510-11 (7th Cir. 2006), *cert. denied,* 551 U.S. 1115 (2007). The proponent of federal jurisdiction must show "by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Jackson v. Payday Financial, LLC,* 764 F.3d 765, n.16 (7th Cir. 2014), *quoting Oshana,* 472 F.3d at 511. Once the proponent has made this showing, "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." *Carroll v. Stryker Corp.,* 658 F.3d 675, 680 (7th Cir. 2011). *See also Back Doctors Ltd. v. Metro. Prop. & Cas. Co., Inc.,* 637 F.3d 827, 830 (7th Cir. 2011) ("[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible.").

Plaintiff's complaint asks for compensatory damages, punitive damages (which are recoverable in Illinois defamation cases), interest, costs, and other relief. The complaint's prayer for an amount over $50,000 does not preclude diversity jurisdiction. Nor does the dispute as to when or whether Plaintiff valued this suit at over $2,000,000. Defendant tendered an affidavit attesting to this statement.[4] Plaintiff countered with an affidavit that he did not have any conversation with Peet or his lawyer at the time Peet says the conversation occurred. But Plaintiff did not file a binding affidavit or stipulation with his complaint limiting recovery to $75,000, and he offers no evidence that the amount in controversy falls short. On the record now before the Court, it does not appear to a legal certainty that the stakes of this lawsuit do not exceed $75,000.

C.     **Conclusion**

For all these reasons, the Court **DENIES** Plaintiff's motion to remand (Doc. 12).

IT IS SO ORDERED.

DATED March 16, 2016.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge

---

[4]     Attached to the removal notice is an affidavit of Frederick Peet stating that while in court-ordered mediation in the Missouri legal malpractice case, Mr. Stegmeyer valued his "libel claim" at an amount equal to the value of the three-count legal malpractice case (totaling over $2,000,000). The affidavit confusingly uses both the past and the future tense, stating that the libel claim had been filed and that it was going to be filed (Doc. 10-1, p. 2). A fair reading is that at the time the statement was made (in mediation) the libel claim had not yet been filed, but as of the date the affidavit was signed, the libel claim had been filed.