IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES H. STEGMEYER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-0096-MJR-PMF |
| | ) |
| **FREDERICK PEET,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Attorney Charles Stegmeyer represented Frederick Peet, a Missouri podiatrist, in several lawsuits. Peet sued Stegmeyer in Missouri state court for legal malpractice in May 2013. In December 2015, Stegmeyer sued Peet in Illinois state court for defamation, alleging that Peet slandered and libeled Stegmeyer in the Missouri malpractice case.

Peet removed the Illinois defamation lawsuit to this Court in January 2016, invoking subject matter jurisdiction under the federal question statute, 28 U.S.C. 1332. Threshold review revealed a pleading defect as to the citizenship allegations, and Peet cured that via amended removal notice in February 2016. Stegmeyer (proceeding *pro se* herein) moved to remand, asserting that Defendant Peet was not actually a Missouri citizen -- mainly because he owns a house and pays real estate taxes on it in Illinois. That was a decent argument but proved unsuccessful. The undersigned denied the remand motion on March 16, 2016.

On May 31, 2016, Stegmeyer filed a notice of voluntary dismissal of this suit without prejudice. The following day the Court entered an Order noting that since Defendant Peet had filed an answer herein, the Court had to treat the notice as a *motion* to voluntarily dismiss and allow Defendant to voice any objection. Defendant did so on June 6, 2017, opposing the without prejudice dismissal of this action and offering reasons why the dismissal should either be *with* prejudice or (if without prejudice) subject to an award of fees and costs incurred by Defendant in this action (*see* Doc. 23).

Rule 41(a)(1)(A) allows a plaintiff to voluntarily dismiss a suit without a court order by dismissal notice before the defendant answers or moves for summary judgment or stipulation signed by all parties who have appeared. Neither of those situations is present here, so any voluntary dismissal falls under Rule 41(a)(2), which allows dismissal of an action by court order, on conditions the court finds appropriate. Rule 41(a)(2) "authorizes the court to allow a voluntary dismissal upon such terms as the court thinks proper," **Wells Fargo Bank, N.A. v. Younan Properties, Inc., 737 F.3d 465, 469 (7th Cir. 2013)**, and such dismissal is allowed at the court's sound discretion. ***See, e.g., F.D.I.C. v. Knostman,* 966 F.2d 1133, 1142 (7th Cir. 1992); *Tyco Laboratories, Inc. v. Koppers, Co.,* 627 F.2d 54, 56 (7th Cir. 1980).**

In assessing whether to permit the dismissal and on what terms, the court should consider whether the defendant will suffer legal prejudice, looking to such factors as the defendant's expense in preparing the case for trial, any excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action, whether there is an insufficient explanation for the dismissal, and whether a summary judgment motion

has been filed by the defendant. *Kunz v. DeFelice,* **538 F.3d 667, 677-78 (7th Cir. 2008).** *See also Wojtas v. Capital Guardian Trust Co.,* **477 F.3d 924, 927 (7th Cir. 2007).**

Reasonable terms which may be imposed on voluntary dismissal include, for example, requiring the plaintiff to compensate the defendant for its costs in the district court. *See, e.g., Wells Fargo,* **737 F.3d at 469 ("it is reasonable to require the plaintiff to compensate the defendants for any wasted motion forced upon them...."); *Chavez v. Illinois State Police,* 251 F.3d 612, 655-56 (7th Cir. 2001) (affirming award of costs but not attorney's fees as condition to voluntary dismissal on the eve of trial).** Payment of the defendant's costs offsets the possible prejudice a defendant might otherwise suffer from plaintiff dismissing his complaint without prejudice. *Babock v. McDaniel,* **148 F.3d 797, 799 (7th Cir. 1998),** *citing Marlow v. Winston & Strawn,* **19 F.3d 300, 303 (7th Cir. 1994).**

Having carefully considered the record before it, the Court concludes that voluntary dismissal without prejudice would be appropriate here if Plaintiff pays Defendant's reasonable costs incurred in this action. The undersigned is cognizant that the universe of litigation between these parties is not confined to this action, but the relevant consideration under Rule 41 is the stage of the proceeding in the instant case, and this case is less than five months old with trial scheduled a year away, no dispositive motion filed herein, and a January 13, 2017 discovery cutoff. Plaintiff has not explained the reason for seeking voluntary dismissal, but he is guilty of no excessive delay in prosecuting this action. He quickly moved to remand the case, advancing a plausible basis on which to do so, and he participated in submitting a joint report of the

parties to the Magistrate Judge assigned to the case. An award of costs is a fair price to pay for dismissal without prejudice, to compensate Defendant for what he incurred in defending this lawsuit. Or Plaintiff can opt to dismiss *with* prejudice and without costs.

So, the Court will grant the motion to voluntarily dismiss (Doc. 21), but will condition dismissal *without* prejudice on Plaintiff's payment of the reasonable costs incurred by Defendant herein. Alternatively, Plaintiff can agree to dismissal of the case *with* prejudice (each party to bear his own costs). A plaintiff seeking voluntary dismissal should be given the option to accept the conditions the district court will impose on that dismissal or (if he finds the conditions "too onerous") withdraw the motion and proceed with the case. ***Mother & Father v. Cassidy*, 338 F.3d 704, 713 (7th Cir. 2003),** *citing Marlow***, 19 F.3d at 304;** *Chavez***, 251 F.3d at 656.**

Accordingly, Plaintiff has until **June 30, 2016** to move to withdraw his May 31, 2016 motion for voluntary dismissal. If no motion to withdraw is filed by that date, the Court **will dismiss** this case *without* prejudice, subject to payment of Defendant's reasonable costs (which will be submitted by Defendant via separate itemized statement for the Court's review/approval). As an alternative, Plaintiff may **by June 30, 2016** file a supplement to his May 31st motion agreeing to dismissal of the case *with* prejudice, and the Court will dismiss the case with prejudice, with each party to bear his own costs.

IT IS SO ORDERED.

DATED June 18, 2016.

s/*Michael J. Reagan*
Michael J. Reagan
United States District Judge
